■ JOSEPH KOHLER, Respondent, v PAT FOOD CORP. et al., Appellants. [757 NYS2d 476] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), entered March 4, 2002, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Pat Food Corp. and Klein-Kaufman Corp. and granted that branch of the plaintiff's cross motion which was for leave to amend his complaint to add "P" Food Corp. as a defendant.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint is dismissed, as the defendants are not aggrieved thereby; and it is further,

Ordered that the appeal by the defendants McDonald's, Inc., and Lawrence Weiner from so much of the order as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Pat Food Corp. and Klein-Kaufman Corp. is dismissed, without costs or disbursements, as those defendants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Pat Food Corp. (hereinafter Pat Food) and Klein-Kaufman Corp. (hereinafter Klein-Kaufman), as they failed to make a prima facie showing of entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Moreover, the defendants are not aggrieved by the portion of the order which granted that branch of the plaintiff's cross motion which was for leave to amend his complaint to add "P" Food Corp. as a defendant (*see* CPLR 5511; *Millner v House Beautiful Apt. Corp.,* 287 AD2d 696, 697 [2001]). Therefore, their appeal from that portion of the order must be dismissed. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.